The opinion of the court was delivered by
Spencer, J.
The defendant, who is the manager of the restaurant and bar on the “Camelia,” a steamboat owned and enrolled in New Orleans and running regularly as a packet between the port of New Orleans and Bay St.- Louis in Mississippi, touching at various points on the Lake shore in Louisiana and Mississippi, was indicted, tried, and convicted in the parish of St. Tammany on the charge of keeping a grog and tippling shop, and retailing spirituous liquors without license from the police jury of said parish.
The question is, did the police jury o'f St. Tammany have the right to demand payment of a license from the defendant, who it is conceded only sold liquor on board of said steamer in the course of her voyage on the lake and navigable streams through which she passed? We *341 think not; for the reason that a boat plying upon navigable waters between different States can not be considered as conducting or doing a business at each and every point where she touches, so as to become subject to taxation at each of said points. Such a proposition would give the local authorities power not only to regulate but to destroy commerce between the States ; which power by the constitution belongs exclusively to Congress.
If we recognize over vessels in transitu the existence of such power in the local authorities in cases like this we do not see how it could be denied in other cases. After a vessel has completed her voyage, and is at her port of destination it is perhaps competent to enforce on board of her such local police regulations as are necessary to the good order of society. • But when on her voyage she is not within the jurisdiction of State tribunals for purposes like this.
The defendant is entitled to his discharge from the fine imposed.
It is therefore ordered that the judgment appealed from be annulled and reversed at costs of appellee.